IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED,**<br><br>Plaintiffs,<br><br>v.<br><br>**READNOTIFY.COM PTY LTD., READVERIFY.COM, POINTOFMAIL.COM, and CHRIS DRAKE,**<br><br>Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs RPost Holdings, Inc., RPost International Limited, and RMail Limited for their Complaint against Readnotify.com Pty Ltd., Readverify.com, Pointofmail.com, and Chris Drake allege as follows:

### NATURE OF THE ACTION

1. This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This is also a civil action for willful infringement of a federally registered trademark under the United States Trademark Act, 15 U.S.C. §1051 et seq., for willful use of false designations of origin, and false descriptions and representations in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. §1125(a), for trademark dilution in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. §1125(c), and for related claims of common law trademark infringement and dilution, unfair competition, and damage to business reputation in violation of the laws of the State of Texas.

## PARTIES

2. Plaintiff RMail Limited ("RMail") is a corporation organized under the laws of the Nation of Bermuda. It is the owner of United States Patent Nos. 6,182,219 ("the '219 patent") and 6,571,334 ("the '334 patent"). The '219 and '334 patents, entitled "Apparatus and Method for Authenticating the Dispatch and Contents of Documents," are generally directed to novel apparatuses and methods for authenticating that a sender has electronically transmitted certain information via a dispatcher to a recipient. The '219 and '334 patents were duly and legally issued by the United States Patent and Trademark Office on January 30, 2001 and May 27, 2003, respectively, after full and fair examination. The '219 and '334 patents are valid and enforceable. A true and correct copy of the '219 and '334 patents are attached as Exhibits A and B, respectively.

3. RPost International Limited ("RPI") is a corporation organized under the laws of the Nation of Bermuda. It is a licensee, from RMail, of the '219 and '334 patents. It is also the owner of United States Trademark Registration No. 2,928,365 for the mark REGISTERED E-MAIL® for "delivery of messages by electronic transmission to a designated recipient to provide results on a basis equivalent to the results obtained by registered mail," which registered on February 22, 2005 and is valid and subsisting. It is further the owner of United States Trademark Registration No. 2,867,278 for the mark (R)egistered e-mail® for "delivery of messages by electronic transmission to a designated recipient to provide results on a basis equivalent to the results obtained by registered mail," which registered on July 27, 2004 and is valid and subsisting.

4. RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a business office in Plano, Texas. It is a licensee, from RPI, of the

'219 and '334 patents and of the right to use the registered trademarks REGISTERED E-MAIL® and (R)egistered e-mail®.

5. Upon information and belief, Defendant Readnotify.com Pty Ltd. is an Australian corporation that provides e-mail tracking, certification, and security services. Defendant Chris Drake is the C.E.O. of Readnotify.com. Readnotify.com has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

6. Upon information and belief, Readnotify.com has its principal place of business at 5 Wavecrest Dr, Castaways Beach, QLD 4567, Australia. Upon information and belief, Readnotify.com is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Upon information and belief, Readnotify.com resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Readnotify.com may be served with process in Australia pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

7. Upon information and belief, Defendant Readverify.com is website owned and operated by Chris Drake, who resides in Sydney, Australia, that provides e-mail tracking, certification, and security services. Readverify.com has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

8. Upon information and belief, Readverify.com is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Upon information and belief,

3

Readverify.com resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Readverify.com, either as its own entity or through Chris Drake, may be served with process in Australia pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

9. Upon information and belief, Defendant Pointofmail.com is website owned and operated by Chris Drake, who resides in Sydney, Australia, that provides e-mail tracking, certification, and security services.  Pointofmail.com has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

10. Upon information and belief, Pointofmail.com is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  Upon information and belief, Pointofmail.com resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Pointofmail.com, either as it own entity or through Chris Drake, may be served with process in Australia pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

11. Upon information and belief, Defendant Chris Drake, who resides in Sydney Australia, owns and operates various businesses and websites that provide e-mail tracking, certification, and security services, including Readnotify.com Pty Ltd, Readverify.com, and Pointofmail.com.  Drake has a mailing address of P.O. Box 4107, Copacabana, NSW 2251, Australia.  Drake has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

12. Upon information and belief, Drake is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Upon information and belief, Drake resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Drake may be served with process in Australia pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

13. Upon information and belief, at all relevant times with respect to the offenses alleged in this Complaint, Defendant Drake had direct control over Defendants Readverify.com, Readnotify.com, and Pointofmail.com such that Defendant Drake is the alter ego of Defendants Readverify.com, Readnotify.com, and Pointofmail.com. Defendant Drake is liable for the transactions, actions, and infringements of Defendants Readverify.com, Readnotify.com, and Pointofmail.com. Defendant Drake and Defendants Readverify.com, Readnotify.com, and Pointofmail.com are collectively referred to in this Complaint as "Defendants."

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) (patent and trademark infringement), 1338(b) (unfair competition); and 28 U.S.C. §1367(a) (supplemental jurisdiction over state law claim).

15. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b). On information and belief, each Defendant conducts business in this district, the claims alleged in this Complaint arise in this district, the acts of infringement have taken place and are continuing to take place in this district, and Defendants are aliens that may be sued in any district.

16.     On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their respective websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Plaintiffs causes of action arise directly from Defendants business contacts and other activities in the State of Texas and in the Eastern District of Texas.

17.     More specifically, each Defendant directly and/or through intermediaries makes, offers for sale, sells, and/or advertises (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Defendants have committed acts of infringement in the State of Texas and in the Eastern District of Texas.  Defendants solicit customers in the State of Texas and in the Eastern District of Texas.  Upon information and belief, Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendants' products and services in the State of Texas and in the Eastern District of Texas.

**COUNT I**
**PATENT INFRINGEMENT**

18.     Upon information and belief, Defendant Readnotify.com has been and is now infringing the '219 and '334 patents in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell software products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient. Readnotify.com is thus liable for infringement of the '219 and '334 patents pursuant to 35 U.S.C. § 271.

19. Upon information and belief, Readnotify.com's infringement of the '219 and '334 patents has been and/or is willful.

20. As a result of Readnotify.com's infringement of the '219 and '334 patents, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Readnotify.com's infringing activities are enjoined by this Court.

21. Unless a permanent injunction is issued enjoining Readnotify.com's and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Readnotify.com from infringing the '219 and '334 patents, Plaintiffs will be greatly and irreparably harmed.

22. Upon information and belief, Defendant Readverify.com has been and is now infringing the '219 and '334 patents in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell software products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient. Readverify.com is thus liable for infringement of the '219 and '334 patents pursuant to 35 U.S.C. § 271.

23. Upon information and belief, Readverify.com's infringement of the '219 and '334 patents has been and/or is willful.

24. As a result of Readverify.com's infringement of the '219 and '334 patents, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Readverify.com's infringing activities are enjoined by this Court.

25. Unless a permanent injunction is issued enjoining Readverify.com's and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Readverify.com from infringing the '219 and '334 patents, Plaintiffs will be greatly and irreparably harmed.

26. Upon information and belief, Defendant Pointofmail.com has been and now is infringing the '219 and '334 patents in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell software products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient. Pointofmail.com is thus liable for infringement of the '219 and '334 patents pursuant to 35 U.S.C. § 271.

27. Upon information and belief, Pointofmail.com's infringement of the '219 and '334 patents has been and/or is willful.

28. As a result of Pointofmail.com's infringement of the '219 and '334 patents, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Pointofmail.com's infringing activities are enjoined by this Court.

29. Unless a permanent injunction is issued enjoining Pointofmail.com's and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Pointofmail.com from infringing the '219 and '334 patents, Plaintiffs will be greatly and irreparably harmed.

30. Upon information and belief, Defendant Chris Drake has been and now is infringing the '219 and '334 patents in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell software

products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient. Drake is thus liable for infringement of the '219 and '334 patents pursuant to 35 U.S.C. § 271.

31. Upon information and belief, Drake's infringement of the '219 and '334 patents has been and/or is willful.

32. As a result of Drake's infringement of the '219 and '334 patents, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Drake's infringing activities are enjoined by this Court.

33. Unless a permanent injunction is issued enjoining Drake and his agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Drake from infringing the '219 and '334 patents, Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## VIOLATION OF § 32 OF THE LANHAM ACT, 15 U.S.C. §1114

34. Upon information and belief, Defendants advertise their service as providing "registered e-mail." In doing so, Defendants infringe RPI's federally registered trademarks REGISTERED E-MAIL® and (R)egistered e-mail®.

35. Defendants' unauthorized use of the term "registered e-mail" in commerce in connection with the sale, offering for sale, or advertising of its service is likely to cause confusion or to deceive others as to the origin of the term "registered e-mail" or to cause mistake or to deceive others into believing that Plaintiffs sponsor, are connected, or affiliated with Defendants or that Plaintiffs have approved Defendants use of the term, all to the detriment of RPI.

36. Upon information and belief, Defendants' unlawful acts have been committed with knowledge of RPI's prior, registered rights in the REGISTERED E-MAIL® and (R)egistered e-mail® marks.

37. Defendants' unlawful acts have caused irreparable injury to RPI for which there is no adequate remedy at law, and will continue to cause irreparable injury to RPI unless enjoined.

38. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of RPI. Defendants' unlawful actions have caused RPI monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III
## VIOLATION OF § 43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

39. Defendants' unauthorized use of the term "registered e-mail" constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40. Defendants' unauthorized use of the term "registered e-mail" in commerce in connection with the sale, offering for sale, or advertising of its service is likely to cause confusion or to deceive others as to the origin of the term "registered e-mail" or to cause mistake or to deceive others into believing that Plaintiffs sponsor, are connected, or affiliated with Defendants or that Plaintiffs have approved Defendants use of the term, all to the detriment of RPI.

41. Upon information and belief, Defendants' unlawful acts have been committed with knowledge of RPI's prior, registered rights in the REGISTERED E-MAIL® and (R)egistered e-mail® marks.

42. By reason of Defendants' unlawful acts, RPI has suffered, is suffering and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

43. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of RPI.  Defendants' unlawful actions have caused RPI monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV
## VIOLATION OF § 43(c) OF THE LANHAM ACT, 15 U.S.C. 1125(c)

44. The REGISTERED E-MAIL® and (R)egistered e-mail® marks are strong, distinctive, and famous within the relevant market.

45. Defendants' unlawful use of the term "registered e-mail" is likely to cause dilution of the distinctive quality of RPI's marks and decreasing the capacity of such marks to identify and distinguish RPI's services.

46. Upon information and belief, Defendants' unlawful acts have been committed with knowledge of RPI's prior, registered rights in the REGISTERED E-MAIL® and (R)egistered e-mail® marks.

47. Defendants' unlawful acts have caused irreparable injury to RPI for which there is no adequate remedy at law, and will continue to cause irreparable injury to RPI unless enjoined.

48. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of RPI.  Defendants' unlawful actions have caused RPI monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

49. RPI owns all rights, title, and interest in and to the REGISTERED E-MAIL® and (R)egistered e-mail® marks, including all common law rights in such marks.

50. Defendants have used and are continuing to use of the term "registered e-mail" in a manner that is confusingly similar to the RPI marks.

51. Defendants' unlawful acts constitute trademark infringement in violation of the common law of the State of Texas.

52. By reason of the acts of Defendants alleged herein, RPI has suffered, is suffering and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

53. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of RPI.  Defendants' unlawful actions have caused RPI monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

54. Defendants' use of the term "registered e-mail" permit Defendants to use and benefit from the goodwill and reputation earned by RPI to obtain a ready customer's acceptance of Defendants' services, and constitutes unfair competition, palming off, and misappropriation in violation of Texas common law, for which RPI is entitled to recover any and all remedies provided by such common law.

55. By reason of the acts of Defendants alleged herein, RPI has suffered, is suffering and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

56. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of RPI. Defendants' unlawful actions have caused RPI monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT VII
## INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION, §16.29 T.B.C.C.

57. The REGISTERED E-MAIL® and (R)egistered e-mail® marks are strong, distinctive, and famous within the relevant market.

58. Defendants' unlawful use of the term "registered e-mail" has diluted the distinctive quality of RPI's marks and decreased the capacity of such marks to identify and distinguish RPI's services. As such, Defendants' acts violate §16.29 of the Texas Business and Commerce Code.

59. Defendants' unlawful use of the term "registered e-mail" has also caused harm to RPI's business reputation in violation of §16.29 of the Texas Business and Commerce Code.

60. Defendants' unlawful acts have caused irreparable injury to RPI for which there is no adequate remedy at law, and will continue to cause irreparable injury to RPI unless enjoined.

61. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of RPI. Defendants' unlawful actions have caused RPI monetary damage in an amount presently unknown, but in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed the '219 and '334 patents, and that such infringement has been and is willful;

2. A permanent injunction enjoining Defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from infringing the '219 and '334 patents;

3. A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '219 and '334 patents as provided under 35 U.S.C. § 284;

4. An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees;

6. An order enjoining and restraining, during the pendency of this action and permanently, Defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from:

   a. using the marks REGISTERED E-MAIL® or (R)egistered e-Mail® and any confusingly similar designation alone or in combination with other words or designs, as a trademark, service mark, trade name component, title, Internet domain name, or otherwise, to market, advertise, distribute, sell or identify any products and services;

    b. doing any other act likely to induce the confusing or mistaken belief that Defendants or their products, services or commercial activities are in any way affiliated, connected, or associated with RPI;

    c. using a name or mark confusingly similar to RPI's REGISTERED E-MAIL® and (R)egistered e-Mail® marks, incorporating RPI's marks, or otherwise infringing RPI's marks;

    d. unfairly competing with RPI in any manner whatsoever;

    e. causing likelihood of confusion and injury to RPI's business reputation;

    f. diluting RPI's REGISTERED E-MAIL® and (R)egistered e-Mail® marks;

    g. committing any other act or making any other statement which infringes, dilutes RPI's REGISTERED E-MAIL® and (R)egistered e-Mail® marks, or constitutes an act of infringement, dilution, unfair competition, or damage to RPI's business reputation under federal common law or the common law of the State of Texas;

7. An award of all damages suffered by Plaintiffs resulting from Defendants' acts alleged in this Complaint, including but not an accounting for any and all profits derived by Defendants from their illegal acts alleged in this Complaint, and to which Plaintiffs are entitled under 15 U.S.C. § 1117;

8. An award trebling the amount of damages awarded RPI under 15 U.S.C. §§ 1114 and 1117;

9. A declaration that this is an exceptional case and awarding Plaintiffs their full costs, expert witness fees, and reasonable attorneys' fees incurred in connection with this action under 15 U.S.C. § 1117;

10. An award of any actual and putative damages to which RPI is entitled to under applicable federal and state laws;

11. Any and all other relief that the Court or the jury may deem proper and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs RPost Holdings, Inc., RPost International Limited, and RMail Limited, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated:  January 14, 2011         By:  /s/ Winston O. Huff

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Huff Legal Group, P.C.
2500 Dallas Parkway, Suite 260
Plano, TX 75093
972.826.4467 (Direct)
972.378.9111 (Firm)
214.593.1972 (Fax)
wohuff@hufflegalgroup.com

OF COUNSEL:

Lewis E. Hudnell, III
Hudnell Law Group P.C.
244 Fifth Avenue Suite 240H
New York, New York 10001
Tel: 347.855.4772
Fax: 347.772.3034
lewis@hudnelllaw.com

**ATTORNEYS FOR PLAINTIFFS RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, AND RMAIL LIMITED**

## CERTIFICATE OF FILING

      I hereby certify that on January 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

      Respectfully submitted,

      By: /s/ Winston O. Huff

      Winston O. Huff, Attorney in Charge
      State Bar No. 24068745
      Huff Legal Group, P.C.
      2500 Dallas Parkway, Suite 260
      Plano, TX 75093
      972.826.4467 (Direct)
      972.378.9111 (Firm)
      214.593.1972 (Fax)
      wohuff@hufflegalgroup.com