UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RPOST HOLDINGS, INC., ET AL. | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CAUSE NO. 2:11-CV-16-JRG |
| | § | |
| READNOTIFY.COM PTY. LTD., ET AL. | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Before the Court is Defendants Readnotify.com Pty. Ltd. ("Readnotify.com") and Chris Drake's ("Drake") Motion to Dismiss Pursuant to Rule 12(b)(6), filed January 5, 2012. (Dkt. No. 41.) On January 14, 2011, Plaintiffs filed the instant action against Defendants, alleging patent and trademark infringement, among other things. (Dkt. No. 1.) On December 22, 2011, Plaintiffs filed their Second Amended Complaint (the "Applicable Complaint" or "SAC") against Defendants, alleging patent infringement, trademark infringement in violation of the Lanham Act, trademark dilution in violation of the Lanham Act, common law trademark infringement, common law unfair competition, injury to business reputation, trademark dilution in violation of the Texas Business and Commerce Code, and unjust enrichment. (Dkt. No. 39.) Plaintiffs alleged that Drake has or had direct control over Readnotify.com such that the entity is the alter ego of Drake, and as such, Drake is liable for the transactions, actions, and infringements of Readnotify.com. (Dkt. No. 39.) Defendants filed the instant motion to dismiss soon after the filing of the SAC. The Court, having considered the parties' written submissions, hereby addresses Defendants' motion under Federal Rule of Civil Procedure 12(b)(6).

**II.     Legal Standard**

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*,

566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has additionally pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id*. This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). The Federal Circuit has noted, however, that *Bell Atlantic* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007).

### III.    Analysis

Defendant contends that the following claims should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address each below.

### a. Claims Against Drake

First, Defendants claims that Plaintiffs seek to impose personal liability upon Drake by piercing Readnotify.com's corporate veil, and as such, are required to specifically plead the same according to Federal Rule of Civil Procedure 9(b). Defendants claim that Plaintiffs have failed to specifically plead the method of liability of piercing the corporate veil and accordingly, all such claims should be dismissed. Plaintiffs insists that it asserts claims against Drake individually only, and they do not intend to pierce the corporate veil.

Upon Plaintiffs representation that they only seek claims individually against Drake, the Court finds that the SAC adequately satisfies Rule 8's pleading requirements. The SAC states the Drake "owns and operates various businesses and websites that provide e-mail tracking, certification, and security services, including Readnotify.com" and incorporates such statement to all paragraphs alleging claims against both Defendants. (*See* Dkt. No. 39.) The same constitutes a "short and plain statement of the claim," as required by Rule 8. Fed. R. Civ. P. 8. Accordingly, the motion to dismiss is DENIED as to the claims against Drake.

### b. Claims Based on Use of Term "Registered E-mail"

Defendants urge that Plaintiffs claims alleging trademark infringement based on Plaintiffs' registered trademark "REGISTERED E-MAIL" should be dismissed because Defendants can prove they first used the mark for the same of goods, and thus, have priority over Plaintiffs as the senior user. Plaintiffs contend that such is a question of fact that is inappropriate to be considered as a motion to dismiss. The Court agrees with Plaintiffs. A 12(b)(6) motion is not a proper means to determine whether underlying infringement, as alleged, exists in this case. Accordingly, the motion to dismiss is DENIED as to the claims based on the use of the term "registered e-mail."

### c. Claims of Unjust Enrichment

Finally, Defendants argue that Plaintiffs claims for common law unjust enrichment should be dismissed because it is an improper remedy to be applied in this case. Defendants argue that unjust enrichment is the measure of damages for quasi-contract or restitution, which does not apply to claims

plead by Plaintiffs in the SAC.  Plaintiffs contend that unjust enrichment is an available remedy from a defendant's infringement of a plaintiff's federal and/or common law trademark rights.  The Court agrees with Plaintiffs that unjust enrichment may be recovered based on a violation of federal and/or common law trademark infringement, where supported by the facts.  *See, e.g. Baylor Univ. v. Int'l Star, Inc.,* 2001 U.S. Dist. LEXIS 23619, at *11 (W.D. Tex. Nov. 7, 2011).  Accordingly, the motion to dismiss is DENIED as to claims of unjust enrichment.

**IV.     Conclusion**

The Court has considered each asserted basis for dismissing Plaintiffs' Second Amended Complaint and holds that none of the same support dismissal under Rule 12(b)(6).  Accordingly, such motion is DENIED.

**So ORDERED and SIGNED this 29th day of June, 2012.**

                                                  RODNEY GILSTRAP
                                                  UNITED STATES DISTRICT JUDGE