**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **RPOST HOLDINGS, INC., ET AL.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **CAUSE NO. 2:11-CV-16-JRG** |
| | § | |
| **READNOTIFY.COM PTY LTD., ET** | § | |
| **AL.,** | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Readnotify.com Pty Ltd.'s ("Readnotify.com") Motion to Stay Pending Patent Reexaminations and Trademark Cancellation Proceedings (Dkt. No. 49). Upon considering the parties' written submissions, the Court hereby addresses the motion.

### I.    Factual Background

Plaintiffs assert patent infringement of U.S. Patent No. 6,182,219 (the "'219 patent") and U.S. Patent No. 6,571,334 (the "'334 patent") against Defendants. Plaintiffs also allege infringement of U.S. Trademark Registration No. 2,928,365 (the "'365 trademark").

Defendant's motion requests this Court stay the instant action pending a reexamination decision by the United States Patent and Trademark Office ("USPTO") on the '219 patent and the '334 patent and pending a trademark cancellation decision by the Trademark Trial and Appeal Board ("TTAB") on the '365 trademark.

### II.    Legal Standard

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of

judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).   Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662.

### III.   Analysis

#### a.   The '219 Patent

On June 19, 2012, the USPTO issued an Ex Parte Reexamination Certificate for the '219 patent, amending a number of claims.   Accordingly, as to the '219 patent, the instant motion is DENIED as MOOT.

#### b.   The '334 Patent and '365 Trademark

As stated above, the following factors are to be utilized by courts when determining whether to stay an action pending reexamination.   This Court now considers such factors as to both the '334 patent and the '365 trademark.

##### i.   Prejudice to Defendant

This factor weighs against granting a stay.   Plaintiffs have an interest in the timely enforcement of their intellectual property rights.   A stay will prejudice Plaintiffs because it will permit Defendants to continue to use the intellectual property in question during the elongated period cause by any stay.   Further, the Court finds that a potential stay increases the inherent risks of witnesses becoming unavailable, memories fading, or evidence being lost while these proceedings take place.   Accordingly, this factor weighs in favor of denying a stay.

ii.  <u>Failure to Simplify Issues</u>

The second factor also weighs against granting a stay.  As noted above, the '219 patent (which Defendants acknowledge will control most of the patent infringement issues in this case) has emerged from reexamination.  Accordingly, the remaining outstanding issues related to the '334 patent and '365 trademark are relatively minimal compared to the overall complexity of the case.  Further, Defendants admit the '334 patent will likely survive reexamination.  As to the '365 trademark, its fate rests in part on this Court's determination as to whether the mark is distinctive or has acquired meaning, and in part on a decision by the TTAB.  This Court has previously reasoned that the interest of justice is better served by dealing with a contingency when and if it occurs, rather than putting a case such as this on hold indefinitely.  *See Ambato Media LLC v. Clarion Co., Ltd., et al.,* 2:09-cv-242-JRG, Dkt. No. 250 (E.D. Tex. Jan 23, 2012).  Accordingly, the Court finds that a stay will not materially simplify the issues in this case.  This factor weighs in favor of denying the requested stay.

iii.  <u>Judicial Economy</u>

Finally, the third factor also weighs in favor of denying a stay.  This case was filed over a year ago, in January 2011, and is related to at least three other cases pending before this Court.[1]  Notably, each of the related cases involves the same patents-in-suit and has been set for trial.  Judicial economy is best served by allowing this case to proceed without a stay so that the Court can meaningfully coordinate this case with the related cases.  Accordingly, this factor weighs against granting a stay.

---

[1] *RPost Holdings, Inc., et al. v. Canada Post Corp., et al.*, 2:11-cv-6-JRG (January 10, 2011); *RPost Holdings, Inc., et al. v. Zix Corp.*, 2:11-cv-64-JRG (January 31, 2011); RMail Ltd. v. Amazon.com,  Inc., et al., 2:10-cv-258-JRG (July 21, 2010).

## IV. Conclusion

All the relevant factors uniformly support denying the motion before the Court. For the reasons discussed above, the Court **DENIES** Defendant Readnotify.com Pty. Ltd.'s Motion to Stay Pending Patent Reexaminations and Trademark Cancellation Proceedings.

**So ORDERED and SIGNED this 29th day of June, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE